IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AIZHA PABON**<br>*Plaintiff*,<br><br>v.<br><br>**ROOT INSURANCE COMPANY**<br>*Defendant*. | **CIVIL ACTION**<br><br>**NO. 24-4786** |

**MEMORANDUM RE: DEFENDANT'S MOTION TO REMAND TO COMPULSORY FEDERAL ARBITRATION PROGRAM**

**Baylson, J.**                                                                                                   **January 10, 2025**

In a case seeking underinsured motorist coverage, Defendant Root Insurance Company moves the Court to remand this case to the federal arbitration program, arguing that the damages in the case are capped at $100,000 and thus the case must be remanded to arbitration pursuant to Rule 53.2(3)(A) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. For the following reasons, Defendant's Motion is **DENIED**.

I.      FACTUAL ALLEGATIONS

Plaintiff Aizha Pabon ("Pabon") alleges that on November 13, 2023, she was driving in her car and was rear-ended by a tortfeasor while Pabon was stopped at a red light. Compl. ¶¶ 6–9, 13(a), ECF 1. Pabon alleges that, as a result of this collision, she suffered serious, severe, and permanent bodily injuries including to her head, neck, and lower back. Id. ¶¶ 11, 14. Pabon's car was covered by an insurance policy issued by Defendant Root Insurance Company ("Root"), which included coverage for underinsured motorist coverage. Id. ¶ 19.

II.     PROCEDURAL HISTORY

On September 10, 2024, Pabon filed a Complaint against Root seeking underinsured motorist coverage. ECF 1. On October 16, 2024, Defendant answered the Complaint and raised

numerous affirmative defenses. ECF 6. On December 18, 2024, Defendant filed a Motion to Remand the case to federal arbitration. ECF 8. On December 27, 2024, Plaintiff filed an opposition brief. ECF 9. On December 30, 2024, Defendant filed a reply brief. ECF 10.

### III. LEGAL STANDARD

Under Rule 53.2(3) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania ("Local Civil Rule 53.2(3)"),

> The Clerk of Court shall, as to all cases filed on or after September 13, 1999, designate and process for compulsory arbitration all civil cases . . . wherein money damages only are being sought in an amount not in excess of $150,000.00 exclusive of interest and costs.

Local Civil Rule 53.2(3)(A). For the purposes of Local Rule 53.2(3), "damages shall be presumed to be not in excess of $150,000.00, exclusive of interest and costs, unless[,]" inter alia, "(1) Counsel for plaintiff, at the time of filing the complaint . . . filed a certification that the damages sought exceed $150,000.00, exclusive of interest and costs." Local Civil Rule 53.2(3)(C).[1]

### IV. PARTIES' CONTENTIONS

Root argues that the case's maximum amount in controversy is $100,000, requiring participation in the federal arbitration program. Mot. to Remand ¶ 7, ECF 8. Root argues that this is the maximum because the insurance policy provides for no more than $100,000 of uninsured motorist benefits. Mot. to Remand ¶¶ 4, 5, ECF 8.

Pabon agrees that the potentially applicable insurance policy provides for $100,000 in uninsured motorist benefits, but disputes that this necessarily means that the maximum amount in

---

[1] This Local Civil Rule is modeled after Pennsylvania's compulsory arbitration program, which requires arbitration "when an amount in controversy, exclusive of interest and costs, does not exceed $50,000." Delamater v. Norgren Kloehn, Inc., 2014 WL 671039, at *2 (M.D. Pa. Feb. 21, 2014) (citing 42 Pa.C .S.A. § 7361). The Pennsylvania law requires that "the plaintiff [] state whether the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral by local rule." Id. (citing Pa.R.C.P. 1021).

controversy is $100,000. Opp. ¶ 5, ECF 9. Pabon argues that the tortfeasor had a $100,000 insurance policy and that Root is entitled to a credit of this $100,000, and that remanding this case to arbitration would limit Root's exposure to a maximum of $50,000—cutting Pabon's policy in half. Id. Pabon argues that a jury could award her $200,000, which would include the credit and her full UIM benefits under the insurance contract. Id.

Root argues that Pabon's characterization that arbitration would cut the UIM award in half is inaccurate. Reply at 1, ECF 10.

### V. DISCUSSION

Pabon's Complaint includes a certification on the cover sheet which certifies that "the damages recoverable in this civil action case exceed the sum of $150,000.0 exclusive of interest and costs." Compl. at 2, ECF 1. This certification is sufficient, under Local Civil Rule 53.2(3)(C)(1), to exempt this case from the Local Rule 53.2(3)'s presumption that the damages are not in excess of $150,000. Further, this amount is conclusive of the Court's jurisdiction over this case since "an amount claimed by the plaintiff shall be conclusive as to the jurisdiction of the tribunal." Delamater v. Norgren Kloehn, Inc., 2014 WL 671039, at *2 (M.D. Pa. Feb. 21, 2014) (citing Flynn v. Casa Di Bertacchi Corp., 674 A.2d 1099, 1006 (Pa. Super. 1996)).

### VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Remand is **DENIED**. An appropriate **ORDER** follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-4786 Pabon v Root Insurance\21-4395 Memorandum on on Motion to Remand.docx